**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**HUGHES SUPPLY, INC.,**

                **Plaintiff,**

**-vs-**                                    **Case No.  6:07-cv-1009-Orl-31KRS**

**CONTINENTAL RECOVERY SERVICES CORP.,**

                **Defendant.**

_____

# ORDER

This matter comes before the Court on Plaintiff's Motion to Dismiss Counterclaims I, II and IV (Doc. 12) and Defendant's Response thereto (Doc. 14).

## I. Background

On September 24, 2003, Defendant entered into a service agreement with the Plaintiff. (Doc. 1 at 9).  The Defendant agreed to provide various mechanic's lien notices and filing services related to these liens for the Plaintiff on a national basis. (Doc. 12 at 1-3).  On April 30, 2007 the Plaintiff filed a complaint in state court, which was subsequently removed by the Defendant to this Court. (Doc. 14 at 2).  The Plaintiff's complaint contains two claims, one alleging breach of contract and one alleging deceptive trade practices under Florida Statute § 501.204, which is part of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). (Doc. 12 at 1).  The claims arise out of a mechanic's lien that the Plaintiff engaged the Defendant to handle regarding a construction project in the state of Ohio. (Doc. 14 at 2).  The Plaintiff alleges that the Defendant did not properly file the lien and therefore the Plaintiff was not properly paid.

On June 18, 2007, the Defendant filed its answer and counterclaim. (Doc. 12 at 2). The Defendant's counterclaim contains 4 counts, Count I for fraud, Count II for unfair and deceptive practices under FDUTPA, Count III for breach of contract, and Count IV for contractual indemnity. (Doc. 9 at 6-7). The Defendant claims that it was assured by the Plaintiff that the Plaintiff did not blame the Defendant for the failure to collect on the Ohio construction project, while the Plaintiff, in reality, did blame the Defendant and did not intend to pay them for the Ohio construction project or any services rendered thereafter. (Doc. 8 at 5). The Plaintiff subsequently filed a motion to dismiss Counts I, II, and IV of the counterclaim. (Doc. 12).

## II. Standard of Review

In ruling on a motion to dismiss, this Court must view the complaint in the light most favorable to the Plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232 (1974), and must limit its consideration to the pleadings and any exhibits attached thereto. FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Plaintiff must plead "enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Bell Atlantic Corp. v. Twombly,* 550 U.S. __, 127 S. Ct. 1955, 1965 (2007). In ruling on a motion to dismiss, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6), the rule to be applied is that, "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the

pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (*citing* FED. R. CIV. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). Instead, the complaint need only "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Id.* (internal citation and quotation omitted). "A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests." *Sams v. United Food and Comm'l Workers Int'l Union*, 866 F.2d 1380, 1384 (11th Cir. 1989).

**III. Legal Analysis**

   *A) Count I: Fraud*

Plaintiff argues that Defendant's action for fraud is barred by Florida's economic loss rule, which states that "[u]nder Florida law, no cause of action [in tort] exists concurrent with a breach of contract claim unless there is damage due to [the alleged tortious conduct] that is separate from damages resulting from any subsequent contractual breach." *Argonaut Dev. Group, Inc. v. SWH Funding Corp.*, 150 F. Supp. 2d 1357, 1363 (S.D. Fla. 2001).

Defendant, however, argues that this case fits into an exception to the economic loss rule created by the Florida Supreme Court in *HTP, Ltd. v. Lineas Aerea Costarricences,* 685 So.2d 1238 (Fla. 1996), which permits some actions for fraudulent inducement and negligent misrepresentation to be maintained, along with claims of breach of contract, despite the economic loss rule.

Defendant's argument fails because the only misrepresentations it accuses Plaintiff of making occurred approximately three years after the contract had been entered into.  It appears that Defendant is accusing Plaintiff of "inducing" it to continue to perform on the contract by stating falsely that Plaintiff did not blame defendant for its collection troubles.  Certainly this action does not fit into the exception to the economic loss rule.  *See, e.g., Premix-Marbletite Mfg. Corp. v. SKW Chems., Inc.*, 145 F. Supp. 2d 1348, 1358-1359 (S.D. Fla. 2001).  Therefore, Count I of the Counterclaim will be dismissed.

*B) Count II: Unfair & Deceptive Trade Practices*

The Plaintiff argues that the Defendant's counterclaim fails to set forth any facts that describe unfair or deceptive trade practices by the Plaintiff that would constitute a violation of FDUTPA, therefore the Plaintiff has not been provided with fair notice of the grounds upon which the Defendant bases its claim.  (Doc. 12 at 6-7).

An aggrieved party may initiate a civil action under FDUTPA against a party that has engaged in "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce."  *Stires v. Carnival Corp.*, 243 F.Supp.2d 1313, 1321 (M.D.Fla. 2002) (quoting Fla. Stat. § 501.204(1)).  Only a "consumer" may recover damages for the alleged unfair or deceptive trade practices.  *Id.*  Under FDUTPA , a "consumer" is defined as "an individual; child; by and through its parent or legal guardian; business; firm; association; joint venture; partnership; estate; trust; business trust; syndicate; fiduciary; corporation; any commercial entity; however denominated; or any group or combination."  Fla. Stat. § 501.203(7).  "Trade or commerce" is defined as "advertising, soliciting,

providing, offering, or distributing, whether by sale, rental, or otherwise, of any good or service, or thing of value, wherever situated." Fla. Stat. § 501.203(8).

The Defendant alleges that pursuant to FDUTPA, it has suffered damages due to unfair trade practices by the Plaintiff. However, upon reviewing the definitions of a "consumer" and "trade or commerce" under FDUTPA, the Defendant's argument fails. While the Defendant may be a consumer engaging in trade or commerce in some instances, in the instant action it was not. The Defendant was the seller/supplier, not the purchaser "of any good or service, or thing of value" that the Plaintiff advertised, solicited, provided, offered, or distributed. Therefore, Count II will be dismissed.

*C) Count IV: Contractual Indemnity*

In Count IV Defendant alleges that, pursuant to the contract at issue, Plaintiff is required to indemnify and defend Defendant in any actions arising out of the contract.[1] It appears that Defendant is alleging that this clause includes Plaintiff's duty to indemnify Defendant for the loss occasioned by Defendant's breach of contract. Such an assertion is patently absurd. If this were true, Defendant would suffer no consequence for violating its contract with Plaintiff and the contract would be illusory. Therefore, Count IV will be dismissed as well.

---

[1] This provision is intended to protect Defendant against third party claims arising from the performance of its contractual obligations to Plaintiff.

-5-

**IV. Conclusion**

Accordingly, it is

**ORDERED** that the Plaintiff's Motion to Dismiss (Doc. 12 ) is **GRANTED**. Counts I, II and IV of the Defendant's counterclaim are **DISMISSED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on July 23, 2007.

　　　　　　　　　　　　　　　　　　　　　　　GREGORY A. PRESNELL
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record