**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**HUGHES SUPPLY, INC.,**

        **Plaintiff,**

**-vs-**                               **Case No.  6:07-cv-1009-Orl-31KRS**

**CONTINENTAL RECOVERY SERVICES**
**CORP.,**

        **Defendant.**

_____

# ORDER

This matter comes before the Court on Defendant's Motion for Summary Judgment (Doc. 21) and Plaintiff's Response thereto (Doc. 24).

## I. Background

On September 24, 2003, Defendant entered into a service agreement ("the Contract") with the Plaintiff.  The Defendant agreed to provide various mechanic's lien notices and filing services related to these liens for the Plaintiff on a national basis. (Doc. 12 at 1-3). The Plaintiff's complaint contains two claims, one alleging breach of contract and one alleging deceptive trade practices under Florida Statute § 501.204, which is part of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA").  (Doc. 2).  The claims arise out of a mechanic's lien that the Plaintiff engaged the Defendant to handle regarding a construction project in the state of Ohio.  (Doc. 14 at 2).  The Plaintiff alleges that the Defendant did not properly file the lien and therefore the Plaintiff was not properly paid. Defendant argues that Plaintiff failed to provide Defendant with sufficient information regarding the property that was to be the subject of the lien in question.

**II. Standard of Review**

A party is entitled to summary judgment when the party can show that there is no genuine issue as to any material fact. FED. R. CIV. P. 56(c); *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 458 (11th Cir. 1994). Which facts are material depends on the substantive law applicable to the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The moving party bears the burden of showing that no genuine issue of material fact exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Watson v. Adecco Employment Svc., Inc.*, 252 F. Supp. 2d 1347, 1352 (M.D. Fla. 2003).

When a party moving for summary judgement points out an absence of evidence on a dispositive issue for which the non-moving party bears the burden of proof at trial, the non-moving party must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986) (internal quotations and citation omitted). Thereafter, summary judgment is mandated against the non-moving party who fails to make a showing sufficient to establish a genuine issue of fact for trial. *Id.* at 322, 324-25; *Watson*, 252 F. Supp. 2d at 1352. The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value").

The Court must consider all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion, and resolve all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255. The Court is not, however, required to accept all of the

-2-

nonmovant's factual characterizations and legal arguments. *Beal*, 20 F.3d at 458-59. If material issues of fact exist, the Court must not decide them, but rather, must deny the motion and proceed to trial. *Environmental Def. Fund v. Marsh*, 651 F.2d 983, 991 (5th Cir. 1981).

## III. Legal Analysis

Federal jurisdiction in this case is based on diversity of citizenship under 28 U.S.C. § 1332(2). (Doc. 1). Therefore, this Court is bound to apply the substantive law of the state in which it sits. *See Erie R.R. v. Tompkins*, 304 U.S. 64 (1938).  It is undisputed that Florida substantive law applies to this case. (Doc. 21 at 6, n1).

### A. Breach of Contract

"The elements of a breach of contract action are: (1) a valid contract; (2) a material breach; and (3) damages." *American Color Graphics, Inc. v. Brooks Pharmacy, Inc.,* 2006 WL 539543, *3 (M.D. Fla. March 6, 2006). Plaintiff alleges, *inter alia*, that the Contract required Defendant to "insert the correct legal description of the subject property in the mechanic's liens requested by Hughes." (Doc. 24 at 2). To support this allegation, Plaintiff refers to the second clause of the Contract, which states, in pertinent part, that:

> If the Property Owner information is supplied by Client, CFS will verify this information through independent sources. If this information is not readily available to Client and cannot be obtained or verified, CFS will not produce and send the construction notice unless instructed by the Client to do so.

(Doc. 21-2 at 4).

Therefore, the plain language of the Contract did require Defendant to verify information through independent sources. Whether or not Defendant did this is a disputed issue of material fact. Therefore, summary judgment is not appropriate as to Count I.

**B. FDUPTA**

[T]he FDUTPA applies to private causes of action arising from single unfair or deceptive acts in the conduct of any trade or commerce, even if it involves only a single party, a single transaction, or a single contract. An unfair practice is one that offends established public policy and one that is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers. . . deception occurs if there is a representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment.

*PNR, Inc. v. Beacon Prop. Mgmt.*, 842 So. 2d 773, 777 (Fla. 2003) (internal citations and quotations omitted).

Plaintiff argues that Defendant fraudulently induced Plaintiff to enter into the Contract by falsely representing that it maintained an errors and omissions insurance policy for the benefit of its customers in the amount of $2,000,000.00. Plaintiff admits that Defendant does carry such a policy, but argues that there are exclusions to the coverage that would leave Plaintiff unprotected in this case. Plaintiff's allegations are completely speculative and, even if they were not, no evidence has been produced to support any damages with regard to this claim. Therefore, Defendant is entitled to summary judgment with regard to Count II.

**IV. Conclusion**

Accordingly, it is

**ORDERED** that Defendant's Motion for Summary Judgment (Doc. 21) is **GRANTED** in part and **DENIED** in part. Count II is hereby **DISMISSED** with prejudice.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on November 27, 2007.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party